Judgment in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD HARPER, Appellant.

*Crimes — poolselling — judgment of conviction affirmed.*

People v. *Harper*, 207 App. Div. 869, affirmed.

(Argued April 7, 1925; decided May 5, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 30, 1923, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of the crime of poolselling, bookmaking, bets and wagers.

*James P. McManus* for appellant.

*Charles J. Dodd, District Attorney (Henry J. Walsh* of counsel), for respondent.

Judgments affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

DONATO BACCARI, Appellant, *v.* LOUISE C. LYMAN, Respondent.

*Negligence — nuisance — streets — action to recover for personal injuries occasioned by tripping over obstruction on sidewalk.*

Baccari v. *Lyman*, 210 App. Div. 846, affirmed.

(Argued April 7, 1925; decided May 5, 1925.)

APPEAL from a judgment, entered February 18, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of the court at a Trial Term setting aside a verdict in favor of defendant and granting a new trial and directed entry of judgment upon the verdict. This action was to recover damages for personal injuries alleged to have been sustained by the plaintiff through

the unlawful maintenance, by the defendant, of an obstruction or encroachment in and upon the public sidewalk and in front of the premises owned by the defendant. Plans for the alteration of said premises provided for a stoop of five steps with newel posts at each end of the bottom or fifth step. When the work was done an additional step was constructed on the sidewalk beyond the stoop as planned. This step begins at a point level with the sidewalk and approximately two feet east of the east railing of the stoop, and extends west to a point approximately six inches west of the west railing of said stoop and at this westerly point the sixth, or additional, step projects above the level of the sidewalk about eight and one-half inches and extends out from the fifth step and into the sidewalk an additional distance of eleven inches. The construction of this sixth or additional step is conceded to be contrary to the plans as filed and that no authority or permission was granted by the municipal authorities for the construction of the same. Plaintiff, while passing along the street at night tripped over the step, fell and received the injuries complained of.

*William A. Schacht* for appellant.

*E. C. Sherwood* and *William L. O'Brion* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

MARTIN MURPHY, Respondent, *v.* ROCHESTER TELEPHONE COMPANY et al., Appellants.

*Negligence — trespass — contract — action by lineman to recover for injuries occasioned by fall of telephone pole — when plaintiff was on pole as matter of right under contract for joint ownership of poles as modified by practical construction.*

*Murphy* v. *Rochester Telephone Co.*, 208 App. Div. 392, affirmed.
(Argued April 7, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial